UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SA CV 11-0909 DOC (RNBx)            Date: September 16, 2011

Title: Rene Zepeda v. U.S. Bank, N.A., Wells Fargo, N.A., Mortgage Electronic Registration Systems Inc., and Does 1-10

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                      Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

PROCEEDING (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND

      Before the Court is Plaintiff Rene Zepeda ("Plaintiff")'s Motion to Remand (the "Motion") (Docket 8). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby DENIES the Motion.

    **I.**     **Background**

      Plaintiff alleges that in or about August 2006, Plaintiff took out a $308,000 mortgage loan from Credit Suisse Financial Corporation in order to purchase his home in Huntington Beach, California. Complaint ¶ 23. Plaintiff alleges that Defendant U.S. Bank currently owns the mortgage loan but that Defendant Wells Fargo has been assigned the task of servicing the mortgage loan. *Id*. ¶¶ 23-24. At some point after taking out the mortgage loan, Plaintiff alleges that he began experiencing various financial hardships which caused him to have trouble maintaining the loan payments. *Id*. ¶ 25.

Plaintiff alleges that on or about August 18, 2010, Defendants caused a Notice of Default to be recorded on Plaintiff's property. *Id*. ¶ 26. Plaintiff alleges that, in procuring the Notice of Default, Defendants failed to determine Plaintiff's eligibility for a loan modification pursuant to California Civil Code § 2923.6 and the Home Affordable Modification Program ("HAMP"). *Id*. Additionally, Plaintiff alleges that Defendants failed to even contact him or exercise due diligence to contact him, as required by California Civil Code § 2923.5. *Id*.

Plaintiff alleges that his property is eligible for modification under either HAMP or the Making Home Affordable Program because: (1) the property is an owner-occupied, single family property; (2) Plaintiff makes the property his primary residence; (3) the property is not investor-owned, vacant, or condemned; and (4) the mortgage loan has a value which is less than $729,750 and the mortgage loan has never previously been modified under either program. *Id*. ¶ 40. Plaintiff alleges that he has submitted paper work to Defendant Wells Fargo for a HAMP modification. *Id*. ¶ 39.

As a result of Defendants' alleged actions, Plaintiff seeks relief in the form of: (1) actual damages according to proof; (2) compensatory damages as permitted by law; (3) consequential damages as permitted by law; (4) statutory damages as permitted by law; (5) equitable relief, including restitution, as permitted by law; (6) declaratory relief; (7) injunctive relief; (8) a permanent or final injunction enjoining Defendants' from continuing to harm Plaintiff; (9) an order for the specific performance of Defendants' California Civil Code § 2923.5 statutory obligations; (10) restitutionary disgorgement of all profits Defendants obtained as a result of their unfair competition; (11) the costs of this action, including the fees and costs of experts; and (12) such other and further relief as this Court finds necessary and proper.

On May 18, 2011, Plaintiff filed a Complaint in the Superior Court of the State of California, for the County of Orange. Notice of Removal ¶ 1. Plaintiff's Complaint was served on Defendants on May 20, 2011. *Id*. ¶ 2. On June 16, 2011, Defendants timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b). *Id*. On June 27, 2011, Plaintiffs filed the present Motion.

## II.     Legal Standard

Removal of a state court action to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant shall file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Remand may be ordered for lack of subject matter jurisdiction or any defect in the

removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. Discussion

Plaintiff argues that Defendants' notice of removal is insufficient on the grounds that it fails to satisfy each of the elements of diversity jurisdiction.

#### A. Diversity Jurisdiction

Under 28 U.S.C § 1332, federal courts are granted jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332. Plaintiff argues that Defendant's notice of removal fails to support its burden with regard to the amount in controversy.

##### 1. Diversity of Citizenship

Diversity of citizenship, pursuant to 28 U.S.C. § 1332, requires complete diversity between parties. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). If any defendant is a citizen of California, total diversity will not exist. Here, Plaintiff alleges that he is a U.S. citizen domiciled, with the intent to remain, in California at the time of the filing. Complaint ¶ 7.

The citizenship of a national bank is governed by 28 U.S.C. § 1348, which provides in part, that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The U.S. Supreme Court in *Wachovia Bank v. Schmidt*, interpreted this language to mean that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." 546 U.S. 303, 307 (2006). Defendants Wells Fargo and U.S. Bank are, and were at the time of the filing, national banking associations chartered under the laws of the United States. Notice of Removal § 5(B)(i). Defendant Wells Fargo has its main office in South Dakota, while Defendant U.S. Bank has its main office in Cincinnati, Ohio. *Id*. §§ 5(B)(i)-(ii). As such, Defendants Wells Fargo and U.S. Bank are both citizens of states other than California.

Defendant Mortgage Electronic Registration Systems, Inc. is, and was at the time of filing, a Delaware Corporation with its principal place of business located in Reston, Virginia. *Id*. § 5(B)(iii). Pursuant to 28 U.S.C. § 1332(c)(1), a "corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(C)(1). As such, Defendant Mortgage Electronic Registration Systems, Inc. is a citizen of both Delaware and Virginia.

Because none of the three named Defendants is a citizen of California, complete diversity of citizenship exists between Defendants and Plaintiff.

### 2. Amount in Controversy

Having established diversity of citizenship, the Court must next determine if the amount in controversy satisfies the requirements of 28 U.S.C. § 1332.  When no amount is specified in the plaintiff's Complaint, the removing defendant has the burden of showing that the amount in controversy is met by a preponderance of the evidence, or that it is "more likely than not."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. Mckee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

The Complaint does not specify an amount in controversy but nonetheless makes clear that the focal point of this litigation is the $308,000 mortgage loan owned by Defendant U.S. Bank and serviced by Defendant Wells Fargo.  *Id*. ¶¶ 23-25.  In March 2010, when the Notice of Trustee's Sale was recorded, the total amount of the unpaid balance of the mortgage loan plus reasonable estimated costs, expenses and advances was approximately $329,391.59.  Notice of Removal ¶ 4.  Defendants argue that, by filing this Complaint, Plaintiff seeks to permanently bar Defendants from enforcing the power of sale provision in the Deed of Trust.  Defendants' Opposition to Plaintiff's Motion to Remand ("Opp'n"), 3.  By negating the power of sale provision, Defendant U.S. Bank would effectively lose its lien on the property, thereby precluding them from selling the property at a foreclosure sale in order to recoup their losses.  *Id*.

Notwithstanding the Complaint's ambiguity, the preponderance of the evidence indicates an amount in controversy in excess of $75,000.  Though Plaintiff contends that he does not seek to invalidate the loan but rather to enforce his rights under California Civil Code §§ 2923.5 and 2924, enforcement of these sections is still dependent on the mortgage loan which is either owned or serviced by Defendants.  Additionally, because Plaintiff expressly seeks to enjoin Defendants from enforcing their power of sale, Plaintiff is effectively precluding Defendants from recouping any losses incurred as a result of Plaintiff's failure to keep current on the mortgage loan.  Based on the figures put forth by Defendants, this would result in unrealized proceeds of between $308,000 and $329,391.59.  *Id*.

In *Hunt v. Washington State Apple Advertising Commission*, the Supreme Court explained that, "[in] actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation."  432 U.S. 333, 347 (1977).  In the present litigation, Plaintiff undeniably requests both declaratory and injunctive relief in regards to Defendants' power of sale over Plaintiff's property.  As such, pursuant to *Hunt*, the amount in controversy should be measured by this power and will therefore be equivalent to at least $308,000.  Because this easily eclipses the $75,000 threshold required under 28 U.S.C. § 1332, Defendants have proven, by a preponderance of the evidence, that the amount in controversy requirement is satisfied.

### IV. Disposition

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

**The Clerk shall serve this minute order on all parties to the action.**